1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

11
12
13
14
15
16
17

| | |
|---|---|
| CONSTANCE TATE, | No. EDCV 05-339 FFM |
| Plaintiff, | ORDER REMANDING DECISION OF COMMISSIONER |
| v. | |
| JO ANNE B. BARNHART, Commissioner of Social Security, | |
| Defendant. | |

18    On June 21, 2002, plaintiff filed her original complaint seeking judicial review

19  of a denial of her application for social security disability insurance and supplemental

20  security income.  On March 18, 2003, this Court entered an order, pursuant to the

21  stipulation of the parties, remanding the action pursuant to sentence four of 42 U.S.C.

22  § 405(g).

23    The Appeals Council thereafter entered an order remanding the case to the

24  Administrative Law Judge.  In its order, the Appeals Council directed the

25  Administrative Law Judge to provide plaintiff with an opportunity to appear at a

26  hearing, to develop the record pursuant to 20 C.F.R. §§ 404.1512-404.1518 and

27  416.912-416.918, and to issue a new decision.

28  / / /

1    After holding a hearing, the Administrative Law Judge issued an unfavorable

2    decision on January 9, 2004.

3    Plaintiff presents two issues for review: whether the Administrative Law Judge

4    properly considered Dr. Kikani's evaluation and whether the Administrative Law

5    Judge properly developed the record regarding the treating therapist's opinion of

6    disability.

7    With respect to the former issue, plaintiff notes various "disparaging statements"

8    in the decision regarding Dr. Kikani's report.  Plaintiff further asserts that the

9    Administrative Law Judge provided only speculative and unwarranted reasons for

10   rejecting Dr. Kikani's opinion.  The "disparaging statements" generally relate to the

11   Administrative Law Judge's prior experiences with Dr. Kikani.  Specifically, the

12   statements relate to the Administrative Law Judge's prior experience with Dr. Kikani

13   and the remarkable similarity displayed in numerous of Dr. Kikani's reports.

14   However, the mere fact that the Administrative Law Judge noted his observation of

15   such perceived similarities does not render his specific findings suspect.  *Cf. Wooley v.*

16   *Smith & Nephew Richards, Inc.*, 67 F. Sup. 2d 703, 707 n.1 (S.D. Tex. 1999) (noting

17   "'expert's' apparent penchant for producing what some have called 'cookie cutter'

18   opinions").  The question is whether the Administrative Law Judge expressed "specific

19   and legitimate reasons" for his rejections of Dr. Kikani's testimony that are supported

20   by substantial evidence.  Here, the Administrative Law Judge noted that Dr. Kikani's

21   opinion was rebutted by the opinion of Dr. Smith, his opinion was directly contradicted

22   by the clinic notes in the record, and his opinion directly contradicted plaintiff's own

23   recitation of her activities of daily living.  In addition, the Administrative Law Judge

24   noted that Dr. Smith conducted a psychiatric examination which fully supported her

25   conclusions.  These reasons were sufficiently specific and legitimate for the

26   Administrative Law Judge to reject Dr. Kikani's conclusion.

27   / / /

28

2

With respect to the treating therapist, it appears that the Administrative Law Judge acted under the impression that the therapist had "not advanced beyond an intern" and that based on a suspected lack of "experience in the field" the Administrative Law Judge believed her reports were "entitled to no persuasive value." Plaintiff contends that the Administrative Law Judge had an obligation to more fully develop the record to ascertain the therapist's qualifications and/or whether the therapist had acted under supervision in preparing the reports. The Court notes that there is what at first glance appears to be an ambiguity in the record with respect to the therapist's qualifications. Specifically, in exhibit 13F the therapist identifies herself as "a licensed marriage and family therapist." At the end of her two page letter, the therapist includes the notation "LMFT" along with a registration number. However, page 2 of exhibit 14F, apparently executed by Avis Attaway, contains a notation "MFT intern" along with a different registration number from that contained on exhibit 13F. The California Board of Behavioral Sciences' online database of Marriage and Family Therapist licensees and interns clears up the confusion. That database reveals that MFT license number 39894 was issued to Ms. Holloway on October 27, 2003, after exhibit 14F was prepared but before exhibit 13F was prepared. Before relying on an alleged lack of qualifications, the Administrative Law Judge should have more fully developed the record as to the therapist's actual qualifications. It is unclear whether the Administrative Law Judge would have given more credence to Ms. Holloway's conclusions if he had realized that she had, in fact, "advanced beyond an intern." In addition, the Administrative Law Judge should articulate legitimate reasons for rejecting Ms. Holloway's conclusion.

/ / /

/ / /

/ / /

/ / /

/ / /

1        Therefore, pursuant to 42 U.S.C. § 405(g), IT IS ORDERED that Judgement be

2  entered reversing the decision of the Commissioner of Social Security and remanding

3  this matter for further administrative proceedings.

4

5  DATED:  August 24, 2006

6

7                           /S/ FREDERICK F. MUMM

8                            FREDERICK F. MUMM

                         United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28