1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

10  CONSTANCE TATE,                          )   No. EDCV 05-339 FFM
                                            )
11              Plaintiff,                   )   ORDER AWARDING ATTORNEY
                                            )   FEES PURSUANT TO 42 U.S.C. §406(b)
12        v.                                 )
                                            )
13  JO ANNE B. BARNHART,                     )
    Commissioner of Social Security,         )
14                                           )
                Defendant.                   )
15  _____         )

16                        **I.  INTRODUCTION**

17        After remand, the Social Security Administration awarded Plaintiff $54,204.00

18  in gross retroactive benefits.  Now pending before the Court is the petition of

19  Plaintiff's counsel, Bill LaTour, for attorney fees in the amount of $13,551.00 for his

20  representation of Plaintiff in this matter.

21        Defendant filed a response which neither opposes nor supports the petition.

22  Rather, Defendant's position is only that the requested fee must be "reasonable" under

23  the guidelines enunciated in *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 S. Ct. 1817, 152

24  L. Ed. 2d 996 (2002).  After careful consideration, the Court finds in this case that

25  $13,551.00 for 22 hours of work by Plaintiff's counsel and 23.76 hours of paralegal

26  work is "reasonable."

27  / / /

28  / / /

## II.  DISCUSSION AND ANALYSIS

Plaintiff's counsel brings this petition pursuant to 42 U.S.C. §406(b), which provides in relevant part:

> Whenever a court rendered a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

In *Gisbrecht*, the Supreme Court resolved a division among the federal circuits on the appropriate method of calculating attorney fees under §406(b).  Rejecting the "lodestar method" which several of the circuits (including the Ninth Circuit) had been applying, the Supreme Court held:

> [Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court.  Rather, §406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases.  Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. . . . Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.

535 U.S. at 807 (footnotes omitted).

In determining whether the $13,551.00 award sought by Plaintiff's counsel is "reasonable for the services rendered" here, the Court has considered a number of factors.  Several of these factors fall in favor of Plaintiff's counsel.

/ / /

/ / /

/ / /

2

First, under the terms of the contingent fee agreement between Plaintiff and Plaintiff's counsel, Plaintiff's counsel would be entitled to fees corresponding to 25% of the back benefits awarded.  Plaintiff agreed to the 25% contingency and the $13,551.00 award would be within the agreed upon amount.[1] The Court has no basis for finding that there was any fraud or overreaching by counsel in the making of the contingent fee agreement with Plaintiff.

Second, the $13,551.00 award sought by Plaintiff's counsel is not in excess of the 25% statutory limit.  Indeed, as stated, the fees sought comport with the terms of the contingent fee agreement between Plaintiff and counsel and are within the statutory limit.

Third, there is no excessive delay attributable to counsel which would unduly increase the back benefits accumulated during the pendency of the case in court.

### III.  CONCLUSION

Based on the foregoing considerations, the Court finds and concludes that the $13,551.00 in fees sought by Plaintiff's counsel is reasonable.  After deducting the $4,000.00 fee Plaintiff's counsel already received pursuant to §406(a), the petition for attorney fees in the amount of $9,551.00 pursuant to 42 U.S.C. §406(b) is granted. Upon payment by the Commissioner of $9,551.00 out of the withheld back benefits, Plaintiff's counsel shall refund to Plaintiff the lesser EAJA fee of $5,656.50 (which Defendant has already paid to Plaintiff's counsel).

IT IS SO ORDERED.


DATED:   August 14, 2008                        /S/ FREDERICK F. MUMM
                                                FREDERICK F. MUMM
                                                United States Magistrate Judge

---

[1]  Plaintiff has already received $4,000.00 pursuant to §406(a), but has expressly stated that he is only seeking a total award pursuant to §406(a) and §406(b) that does not exceed the 25% statutory limit.

3